## Poorman *against* Goswiler.

A judgment against a principal and surety, paid by the surety after the death of the principal and marked for his use, will not avail the surety as a defence to its full amount in an action by the administrator of the deceased upon notes given to the intestate in his lifetime, if it appear that the estate of the intestate is insolvent.

CUMBERLAND county.   Common pleas.

In this action Jacob Slyder, administrator of John Goswiler, was plaintiff, and Christian Poorman was defendant, and the following special verdict was found.

" The defendant stood indebted to the plaintiff's intestate, in his lifetime, in three notes, upon which this suit is founded, all dated the 21st of September 1825.   One for payment of 100 dollars on the 1st of April 1826 ; one for payment of 100 dollars on the 1st of August 1826 ; and the third for payment of 50 dollars on the 1st of April 1827.   Agreeably to plaintiff's statement filed in this suit, the Pennsylvania Agricultural and Manufacturing Bank obtained judgment in the court of common pleas of Columbia county, against the defendant and the said John Goswiler, plaintiff's intestate, in his lifetime, on the 8th of November 1820, for the sum of 650 dollars 25 cents, besides costs of suit.   The debt for which said judgment was obtained, was for money borrowed from said bank, for the use of the said John Goswiler and for his accommodation.   That the defendant paid the amount of debt and interest due on said judgment, to the said bank in 1828, upon an agreement on the part of the bank, that the said judgment should remain for the use of the said Christian Poorman; and on the 17th of November 1828, the court upon motion, and proof exhibited, ordered the said judgment to stand for the use of said Poorman.   That the said judgment was revived by *scire facias* against the administrator of said Goswiler, and judgment entered thereon the 19th of September 1829 ; that the said Goswiler died in 1827, intestate and insolvent, leaving other judgment debts unpaid to a large amount.   If the court shall be of opinion that the defendant has no right to defalk or protect himself from the claim of the plaintiff, on account of the judgment in favour of said bank, and assigned and marked for his use as aforesaid, then judgment to be rendered for plaintiff.   But if the defendant has such right, then judgment to be rendered for the defendant, and the

amount of the principal and interest due on the notes aforesaid, to be credited on the aforesaid judgment. If the court shall be of opinion that the bank judgment constitutes a partial defence, they will then enter judgment for the plaintiff, and that the said judgment shall come in *pro rata* with other judgment creditors, and the sum to be fixed when the assets are marshalled, and the deduction made."

Upon which the court below entered a judgment for the plaintiff, and that the *pro rata* of the bank debt in favour of the defendant, with other judgment creditors, be deducted, agreeably to the last provision in the case stated.

*Carothers*, for plaintiff in error, relied upon the principles determined in Frantz *v.* Brown, 1 *Penn. Rep.* 257.

*Gallagher*, contra, cited, Dorsheimer *v.* Bucher, 7 *Serg. & Rawle* 9; Lighty *v.* Brenner, 14 *Serg. & Rawle* 127; Worlfersberger *v.* Barker, 10 *Serg. & Rawle* 11; and contended that the principles of Frantz *v.* Brown were settled upon a special agreement between the parties. At the death of Goswiler, Poorman had no claim against his estate, because he had not paid the judgment; having afterwards paid it, he could acquire no right which the bank had not, nor claim to recover more than the bank could have recovered, especially as that recovery would be against creditors.

. Per Curiam.—We affirm this judgment on the authority of Dorsheimer *v.* Bucher, though it is not easy to reconcile it, on principle, to Lighty *v.* Brenner, 14 *Serg. & Rawle* 127, and Frantz *v.* Brown, 1 *Penn. Rep.* 257; or to say why a matter which might have been set up as an equitable defence against the party in his lifetime, may not be set up against his representatives. Dorsheimer *v.* Bucher was argued on the ground of actual set-off, and in that aspect rightly decided; but it is apparent that the strong point of the cause was not taken. Had it been put to the court as an equitable defence, it is probable the judgment would have been different. The decision is, however, directly in point, and rules the case at bar.

Judgment affirmed.-